## Wilson v. Purnell and Mason-Fayette Oil Company.

(Decided May 15, 1923.)

### Appeal from Allen Circuit Court.

1. Mines and Minerals—Lease Containing no Forfeiture Provision Cannot be Canceled Without Pleadings for Reformation.—Where an oil and gas lease required the completion of an oil well or the payment of rental, but contained no provision for forfeiture of the lease in the event of the lessee's default, the lessor is not entitled to cancel the lease without having alleged that by fraud or mistake it did not embrace all of the contract, and asking for a reformation thereof.

2. Mines and Minerals—Completion of Well on One of Several Tracts Covered by One Lease Held Sufficient to Prevent Forfeiture.—Where a single oil lease was executed covering several tracts of

land owned by the same lessor, the completion of a producing well on one of the tracts was sufficient to prevent forfeiture of the lease; it being unnecessary to sink a well on each of the separate tracts.

OLIVER & DIXON for appellant.

HARPER & DENTON for appellees.

OPINON OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This action was commenced by appellant Wilson for the cancellation of an oil and gas lease of date October 25, 1916, on lands in Allen county. On December 29, 1916, a supplemental contract was entered into between appellant Wilson and the same lessee, Frank F. Riggall. The lease was assigned several times until it reached appellee Purnell. In the lease contract are in cluded a tract of 93 acres of farming land lying about three miles from Scottsville, and eleven city lots in the edge of Scottsville. The terms of the lease are the same with respect to all the property, treating it as one boundary and providing that the lessors shall deliver to the lessee one-eighth of the oil produced. The lease contract contains the following provision:

"Lessee agrees to drill a well on said premises within three months from this date or pay to lessor at the rate of one hundred no/100 dollars per year, ($25.00) for each three months (and proportionally for any fraction thereof) thereafter until such well is drilled or this lease surrendered; but if a well be drilled, or this lease be surrendered before the end of the term for which payment has been made to lessor for delay, the unaccrued portion of said payment shall be a credit to lessee on any rental, royalty or gas well. And it is further agreed that the completion of such well shall be and operate as a full liquidation of all rental under this provision during the remainder of the term of this lease."

There is no forfeiture clause in the lease, nor did the plaintiff aver that by fraud or mistake the writing did not embrace all of the contract, and ask for a reformation thereof.

The case was prepared by taking quite a volume of evidence, and submitted to the court for judgment. Plaintiff's (now appellant) petition was dismissed, and he appeals.

The lease contract not having provided for a forfeiture in case of failure to pay the rentals when due, none can be had by the lessor. Of course, the contract could not be reformed without pleadings to support such a decree. The evidence for appellant Wilson tends to show, though not clearly, that the terms of the contract were not all embraced in the writing. With this, however, we have no authority to deal under the present state of the record. Neither did appellant Wilson bring himself within the well established rule of this jurisdiction, which allows the lessor, after a reasonable time for the drilling of the premises has expired, to serve notice upon the lessee that development of the lease is required by the lessor within a reasonable time from the giving of the notice on pain of forfeiture, for the pleadings do not aver that any such notice was given. Kies v. Williams, et al., 190 Ky. 596.

It is conceded by appellant Wilson that the assignee of the lessee drilled more than one producing well upon some of the building lots embraced in the contract under consideration and that these wells have been operated and royalties paid to lessors.

Appellees, Purnell, etc., insist that where two or more parcels of land are embraced in a single oil lease and treated as a single tract the terms of which apply equally to all of said lands, the drilling of a well upon any part of the property embraced within the lease contract is a fulfillment of a clause requiring the completion of a well upon the premises within a stated time, not only as to the plot of ground upon which the well is sunk but as to all the different tracts embraced within the lease and to which the lease contract applies equally. The rule is stated in Thornton on Oil & Gas, section 920, as follows:

"If two or more separate landowners jointly execute a joint lease of their separate tracts for a joint rental or royalty, the lessee may enter upon any one of the tracts for exploration and upon discovering oil or gas in paying quantities, he may hold all the land upon payment of the royalties or gas rentals during and beyond the term of the lease, in accordance with its conditions regardless of his failure to explore for or produce oil and gas from the other separate tract or tracts. The production of the oil or gas is a good defense in an action to cancel the lease as to the undeveloped tracts." Harness v. Eastern Oil Co., 49 W. Va. 232, 38 S. E. 662.

While we have not discussed and decided this exact question, we did consider one much akin to this in the case of Cadillac Oil & Gas Co. v. Harrison, 196 Ky. 290.

For the reasons indicated the judgment denying the cancellation of the lease is affirmed.

Judgment affirmed.